**Horace WIGGINS, Jr., Appellant,**

v.

**Norbert BODNER and State Farm Mutual Insurance Company, a corporation, Appellees.**

**No. 2765.**

Municipal Court of Appeals for the District of Columbia.

Argued June 19, 1961.

Decided July 11, 1961.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Francis X. Quinn, Washington, D. C., for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Bodner brought this suit against Wiggins, a tow truck operator employed by the District of Columbia, charging the front end of his automobile had been damaged while being towed away from a restricted parking zone. The trial court found for Bodner and Wiggins has appealed.

The contention is that the evidence was insufficient to support a finding that plaintiff's automobile was damaged while in defendant's custody. Defendant testified that he was using a "new sling" for the first time, and that the car could not have been damaged during the towing because of "rubber contacts" between the towing mechanism and the automobile. But plain-

3. Edmonston v. Stanley, D.C.Mun.App. 1950, 76 A.2d 778.

tiff said he saw a rectangular wooden board "to be attached to his automobile." Defendant said he opened the vent glass to get into the car; but plaintiff testified his car had no vent window and that the window was all one piece of glass. There was testimony by defendant and by police officers that the car was not damaged in towing. But the nature of the damage, and plaintiff's testimony as to the condition of the car before and after the towing, indicated otherwise. Plaintiff's showing was partly circumstantial and remote, but the trial judge was not required to reject it.

In announcing his finding the judge said he was deciding the case "on the credibility of the witnesses." We cannot say that he ruled incorrectly on the facts or drew improper inferences from the facts.

Affirmed.